UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM,                     § | |
| § | |
| Plaintiff,                     § | |
| § | |
| v.                     § | Civil Case No. 4:22-cv-00599-O |
| § | |
| DAYBREAK SOLAR POWER, LLC,     § | |
| § | |
| Defendant.                     § | |
| § | |

## ORDER AND OPINION

Before the Court are Defendant's Motion to Dismiss (ECF No. 38), filed February 23, 2023; Plaintiff's Response and Objection (ECF No. 39), filed March 9, 2023; and Defendant's Reply (ECF No. 41), filed March 23, 2023. Defendant's Motion is hereby **GRANTED**.

### I.   Factual Background[1]

On December 23, 2021, Plaintiff Craig Cunningham alleges he received a pre-recorded call from Defendant Daybreak Solar Power, LLC. Plaintiff states that the message started off saying "Hi, this is Brian Lee calling on behalf of The-Solar-Project.com."[2] Plaintiff describes The-Solar-Project.com as not being linked to any "specific entity," and therefore, Plaintiff alleges that it is a "trade or marketing name" used by Defendant.[3] Plaintiff states the call then continued through Defendant's alleged employee "Yesenia."[4]

---

[1] This Court previously provided extensive recitation of the facts in the prior Order (ECF No. 27) on the Defendant's initial Motion to Dismiss. Here, the Court offers a brief summation of those facts with careful attention to newly pleaded facts in the Plaintiff's Amended Complaint. *See* Pl.'s Am. Compl., ECF No. 28. At the 12(b)(6) stage, these facts are taken as true and viewed in the light most favorable to the plaintiff. *See Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).
[2] *Id.* at 5.
[3] *Id.*
[4] *Id.*

In subsequent calls with Defendant's employees, Plaintiff claims that "at no point did [they] deny [calling him]."[5] As Defendant did not deny calling him, Plaintiff concludes that "Daybreak called him directly."[6] Plaintiff did not consent to receiving such calls.

Plaintiff initially filed this lawsuit on January 7, 2022 in the United States District Court for the Western District of North Carolina.[7] The case was transferred to this Court on July 14, 2022.[8] Defendant filed its original Motion to Dismiss on August 4, 2022.[9] The Court granted the motion and granted Plaintiff leave to amend his original complaint.[10]

Plaintiff filed his Amended Complaint on February 9, 2023.[11] Plaintiff brings a class action on behalf of the "Robocall Class," which includes "[a]ll persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff."[12] He also brings claims on behalf of the "NCTSA Class," which includes "[a]ll North Carolina Telephone Subscribers whose (1) telephone numbers received calls using a recorded message player (2) from or on behalf of Defendant (3) from four years prior to the filing of the Complaint."[13] Plaintiff alleges Defendant violated § 227(b) and § 227(c) of the Telephone Consumer Protection Act ("TCPA") and § 75-100 of the North Carolina Telephone Solicitations Act ("NCTSA").[14]

---

[5] Pl.'s Am. Compl. 6, ECF No. 28.
[6] *Id.*
[7] Pl.'s Orig. Compl., ECF No. 1.
[8] *See* ECF No. 17.
[9] Def.'s Orig. Mot. to Dismiss, ECF No. 23.
[10] *See* Order Granting Mot. to Dismiss, ECF No. 27.
[11] *See* Pls. Am. Compl., ECF No. 28.
[12] *Id.* at 7.
[13] *Id.*
[14] *Id.* at 8-9.

Defendant filed the present Motion to Dismiss on February 23, 2023.[15] Plaintiff filed his Response on March 9, 2023.[16] Defendant filed its Reply on March 23, 2023.[17] The Motion is now ripe for the Court's review.

## II.     Legal Standard

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557) (cleaned up). A court may not accept legal conclusions as true. *Id*. at 678–79. When well-pleaded factual allegations are present, a court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

---

[15] Def.'s Mot. to Dismiss, ECF No. 38.
[16] Pl.'s Resp., ECF No. 39.
[17] Def.'s Reply, ECF No. 41.

**III.     Analysis**

The Court turns first to Plaintiff's TCPA claims. Under the TCPA, a plaintiff must establish that a defendant is either directly or vicariously liable for any violations. *See Cunningham v. Politi*, No. 4:18-CV-00362-ALM-CAN, 2019 WL 2519568, at *5 (E.D. Tex. Apr. 30, 2019) ("Theories of direct and vicarious liability are both cognizable under the TCPA."). Direct liability is found when an entity "initiates" a phone call. *Hunsinger v. Dynata LLC*, No. 3:22-cv-00136-G-BT, 2023 WL 2377481, at *5 (N.D. Tex. Feb. 7, 2023). Initiating a phone call is recognized to mean that the Defendant "takes the steps necessary to physically place a telephone call." *Cunningham v. Lifestyles Dev., LLC*, No. 4:19-CV-00006-ALM-CAN, 2019 WL 4282039, at *3 (E.D. Tex. Aug. 8, 2019). At the pleading stage, the plaintiff must allege facts to support claim that the defendant is the party that initiated the phone calls. *See id*.

In this case, Defendant contends Plaintiff fails to sufficiently plead direct liability.[18] Plaintiff states that he received a pre-recorded message that started with "Hi, this is Brian Lee calling on behalf of The-Solar-Project.com."[19] Plaintiff alleges that "[t]he solicitation for Daybreak Solar continued through Daybreak's employee 'Yesenia.'"[20] In ruling on Defendant's initial motion to dismiss, this Court found that those same facts failed to show "whether Defendant physically initiated the phone call or whether the call was instead placed by a third-party telemarketer."[21] The Court concluded from the pleadings that Plaintiff did "not know who actually placed the offending call."[22] In an attempt to cure this defect Plaintiff now alleges that The-Solar-Project.com is a "trade or marketing name used by the Defendant for

---

[18] Def.'s Mot. to Dismiss 5, ECF No. 38.
[19] Pl.'s Am. Compl. 5, ECF No. 28.
[20] *Id*.
[21] Order Granting Mot. to Dismiss 11, ECF No. 27.
[22] *Id.*

its pre-recorded telemarketing."[23] Yet, at the same time, Plaintiff alleges that The-Solar-Project.com "doesn't appear to be linked to any specific entity."[24] The Plaintiff fails to provide any facts in support of the assertion that The-Solar-Project is simply a "trade or marketing" name used by the Defendant. Thus, this Court finds that such conclusory assertions fail to plausibly show that Defendant physically initiated the phone call.

Furthermore, Plaintiff states in his Amended Complaint that Defendant called him directly.[25] He points to the fact that he eventually spoke with Defendant's employee "Yesenia," and, in subsequent calls, Defendant never denied calling him.[26] However, like in his original complaint, Plaintiff fails to allege how "Yesenia" came to be on the other end of the call.[27] Accordingly, this Court again finds that Plaintiff has not sufficiently pled facts indicating Defendant is directly liable for any alleged TCPA violation.

Regarding vicarious liability, the Court finds that Plaintiff in his Amended Complaint still does not make any allegation that Defendant was vicariously liable. Even if Plaintiff's assertions that The-Solar-Project.com is simply a "trade or marketing name" can be taken as alleging vicarious liability, they fall short. A seller "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Callier v. SunPath Ltd.,* No. EP-20-CV-00106-FM, 2020 WL 10285659, at *3 (W.D. Tex. Aug. 10, 2020) (citation omitted). To prove the existence of an agency relationship, the principal must have "both the right: (1) to assign the agent's task; and (2) to control the means and details of the process by which the agent will accomplish that task." *Id*.

---

[23] Pl.'s Am. Compl. 5, ECF No. 28.
[24] *Id*.
[25] *Id.* at 6.
[26] *Id*. at 5.
[27] *Id.* at 5–6.

(quoting *Indian Harbor Ins. Co. v. Valley Forge Ins. Grp.*, 535 F.3d 359, 364 (5th Cir. 2008)). Here, Plaintiff alleges no facts indicating that Defendant had any sort of control over The-Solar-Project.com. Therefore, the Court again finds that Defendant is not vicariously liable for any TCPA violation.

Turning to Plaintiff's NCTSA claim, the Court, for the reasons discussed above, likewise finds Plaintiff fails to plead facts sufficiently showing Defendant's liability.

### IV. Conclusion

As Plaintiff has failed to sufficiently plead facts to support his claims under the TCPA and NCTSA, Plaintiff's Amended Complaint is hereby **DISMISSED with prejudice.**

**SO ORDERED** on this **13th day** of **June, 2023**.

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**